IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher B. Justice,                              Case No. 3:10 CV 2775

                          Plaintiff,                 AMENDED MEMORANDUM
                                                     OPINION AND ORDER

                -vs-
                                                     JUDGE JACK ZOUHARY
Michael J. Astrue,
Commissioner of Social Security

                          Defendant.

## INTRODUCTION

Plaintiff Christopher Justice filed a timely Complaint against Defendant Michael Astrue, Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny disability benefits (Doc. No. 1).  This Court has jurisdiction under 42 U.S.C. § 405(g).  The case was referred to Magistrate Judge Burke for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2).  After briefing on the merits by both parties, the Magistrate recommends this Court affirm the final decision of the Commissioner to deny Plaintiff's claims (Doc. No. 16).

The matter is now before this Court on Objections to the R&R filed by Plaintiff (Doc. No. 17).  Defendant did not file a Response.  In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the determination of the Magistrate *de novo*.  For the reasons set forth below, this Court adopts the R&R and affirms the Commissioner's decision.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts the summary in its entirety (Doc. No. 16 at 1–11).  Briefly, Plaintiff testified to numerous physical and mental problems including: nervousness; depression; sleep apnea; seizures; and high blood pressure (Doc. No. 9-3 at 19–24).  Plaintiff takes a long list of medications (Doc. No. 9-3 at 30). After being administered the Wechsler Adult Intelligence Scale in March 2007, Plaintiff scored a Full Scale IQ of 69 and was diagnosed with "mild mental retardation" (Doc. No. 9-10 at 24–25).  Dr. Sudhir Dubey, the psychologist who administered the test as part of a consultive examination, did not believe Plaintiff's "mild mental retardation . . . preclude[d] the claimant from functioning overall appropriately and adequately" (Doc. No. 9-10 at 32).  Dr. Dubey also noted a diagnosis of generalized anxiety disorder (Doc. No. 9-10 at 32).

## STANDARD OF REVIEW

In reviewing the denial of disability insurance benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g));  *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) ("[R]eview of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings . . . are supported by substantial evidence.").  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992).  The Commissioner's findings as to any fact, if supported by substantial

2

evidence, "shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Procedural errors, however, can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## ANALYSIS

Plaintiff challenged the Commissioner's decision on two grounds, arguing: (1) he is disabled because he meets the listing requirements for Mental Retardation under 20 C.F.R. pt. 404, Subpt. P, App. 1; and (2) the ALJ erred when determining he has the Residual Functional Capacity to perform work (Doc. No. 13). The Magistrate affirmed, finding the ALJ's decision was supported by substantial evidence (Doc. No. 16). Plaintiff's Objections to the R&R rehash the same arguments made to the Magistrate incorporating by reference his Brief on the Merits (Doc. No. 13). Plaintiff makes a single attack to the R&R, addressed below.

Plaintiff argued before the Magistrate that the ALJ "improperly attempted to move the goalpost by co-mingling additional elements, rather than applying Listing 12.05C as written" (Doc. No. 13 at 15). Plaintiff now contends the ALJ "manufactured a set of criteria for Listing 12.05C that hold at most tangential relevance to the Listing's actual language" (Doc. No. 17 at 6). Allegedly, the ALJ "invent[ed] elements [and] tacked [them] on to an otherwise clear set of requirements" (Doc. No. 17 at 6).

Mental retardation is defined in 20 C.F.R. pt. 404, Subpt. P, Listing § 12.05:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

Additional criteria in the subsections of Section 12.05 must also be met.  The subsection applicable to Plaintiff requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Section 12.05 (C).

Combining the definition of mental retardation with the additional criteria listed in Section 12.05, Plaintiff must satisfy four criteria:

1. significant subaverage general intellectual function;
2. deficits in adaptive functioning initially manifested during the developmental period;
3. a full scale IQ of 60 through 70; *and*
4. a physical or other mental impairment imposing additional and *significant* work-related limitation of function.

20 C.F.R. pt. 404, Subpt. P, Listing § 12.05 (emphasis added).

The ALJ used this criteria.  In doing so, the ALJ found Plaintiff met the first three criteria, noting "IQ scores of 70 and . . . the claimant's scholastic record confirms generally poor or failing grades in regular special education classes . . . ." (Doc. No. 9-2 at 24).  However, the ALJ did not find additional impairments imposing "significant work-related" limitations.  The ALJ devotes considerable analysis to this point citing conflicting medical testimony, Plaintiff's own testimony, and the Plaintiff's semiskilled work history (Doc. No. 9-2 at 23–26).  The ALJ clearly laid out the Listing Requirements, cited to the C.F.R., and applied the facts in the record to the requirements (Doc. No.

4

9-2 at 23–26).   The ALJ's decision applied the correct legal standard and was based on substantial evidence.

## CONCLUSION

Plaintiff's Objection to the R&R fails.  The R&R is adopted.  Plaintiff's claim for benefits is denied.

IT IS SO ORDERED

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 20, 2011